Nicholas Schmitz
P.O. Box 8
Waterford CT 06385
(860) 625-4797
Manhattanmaverick47@gmail.com
Plaintiff in Pro Per

FILED

CLERK, U.S. DISTRICT COURT

NOV 21, 2024

CENTRAL DISTRICT OF CALIFORNIA

BY _____ ITP _____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

FEE PAID
L/N
I/S

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

NICHOLAS SCHMITZ, an individual

Plaintiff

v.

PHILUX GLOBAL GROUP INC.;
A Wyoming Corporation
HENRY D. FAHMAN, an individual

Defendant

)
)
)
)
)
)
)

**Case No.** 8:24-cv-02554 DOC (KESx)

**COMPLAINT FOR:**

1. BREACH OF CONTRACT
2. PROMISSORY FRAUD
3. INTENTIONAL MISREPRESENTATION
4. BREACH OF FIDUCIARY DUTY

DEMAND FOR JURY TRIAL

## INTRODUCTION

As a dedicated shareholder and lender, the Plaintiff, Nicholas Schmitz extended substantial financial lifelines to PhiLux Global Group Inc. under the clear terms of multiple Promissory Notes as well as Private Stock Purchase Agreements. These contractual Agreements were not just transactions; they were a testament to Mr. Schmitz's belief in the company's potential and his commitment to its success. Contrary to this trust, and in stark deviation from the agreed terms, Philux Global Group Inc. has failed in its obligations. Despite receiving the full original principal amounts, and having clear stipulations laid out for repayment and penalties, Philux Global Group Inc. has neglected its duties and responsibilities. This breach is not just a failure to honor financial agreements, it is a disregard for the legal and

ethical standards that govern corporate behavior. This case is a clarion call for accountability,
ensuring that entities like Philux Global Group Inc. and individuals such as Henry D. Fahman
cannot act with impunity, especially when they have been given ample notice, grace, and
opportunity to rectify their conduct but instead willfully choose to deceive and default.

## JURISDICTION AND VENUE

1.   This Court has subject matter jurisdiction over the present matter pursuant to 28 U.S.C.§
1332, as this is a civil action between parties of diverse citizenship and the amount in
controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

2.   This Court has personal jurisdiction over the Defendant(s) in this case because the
defendant(s) have conducted business within the Central District of California, more specifically
Orange County.

3.   The events giving rise to the plaintiff's claims occurred within this district, and the
defendant(s) continue to conduct business in this Judicial District.

4.   The address of the principal executive office of Philux Global Group Inc. is in
Huntington Beach, Orange County, CA., as is the personal domicile of Henry D. Fahman.

5.   The defendant(s) have sufficient minimum contacts with the Central District
of California to satisfy constitutional due process requirements, thereby rendering the
exercise of jurisdiction by this Court fair, reasonable, and venue proper.

## THE PARTIES

6.   The Plaintiff Nicholas Schmitz is, and at all times herein mentioned was, an individual
residing in the state of Connecticut.

7.   Plaintiff is informed and believes and thereon alleges that Defendant(s) Philux Global
Group Inc., a Wyoming corporation, is and at all times herein mentioned was a Wyoming
Corporation with principal executive office address of 17011 Beach Blvd. Suite 900 Huntington
Beach, CA 92647, with former address of 2323 Main Street Irvine, CA 92614.

8.   Henry D. Fahman, an individual, is and at all times herein mentioned was, Chairman of

1    the Board, President, and Acting Chief Financial Officer of PhiLux Global Group Inc.

2        9.    In his roles on behalf of PhiLux Global Group Inc. Mr. Fahman was the architect,

3    authorized representative, signatory, and is responsible for the acts complained of herein.

4

5                              **STATEMENT OF FACTS**

6        10.    Plaintiff refers to and incorporates by reference paragraphs 1 through 9 inclusive as

7    though fully set forth herein.

8        11.    On or about October18, 2023, Defendant(s) Philux Global Group, Inc., a Wyoming

9    corporation, and Henry Fahman, an individual, executed an Agreement and Promissory Note

10    (hereinafter "The Agreement")  with the Plaintiff pursuant to which the Plaintiff  (The Lender)

11    agreed to enter into said business loan with Defendant(s) (The Borrower) in exchange for the

12    agreement to repay the sums set forth in said agreement (hereinafter the "Repayment Amount").

13    A true and correct copy of the Agreement is attached hereunto as Exhibit "A".

14        12.    The terms of the Agreement stipulated that in return for the Plaintiff's Loan of $24,000

15    "*For value received, Borrower agrees to pay Lender the principal amount of $24,000 plus*

16    *$10,800 in originating, administrative and processing fees, which is equal to 45% of the*

17    *principal  amount, and $60 wire transfer fees, on October 25, 2023. In the event Borrower is*

18    *unable to pay  this amount to Lender on or prior to October 25, 2023, Borrower agrees to pay*

19    *Lender a  penalty amount equal to 400% of the principal amount upon demand* "

20        13.    The Defendant was unable to meet the repayment terms of the Agreement as stipulated

21    on October 18, 2023 despite the Plaintiff fully satisfying all obligations set forth within.

22        14.    Upon request by the Defendant, and based upon certain information provided by

23    Mr. Fahman regarding imminent corporate events that would allow for repayment of The

24    Agreement, the Plaintiff agreed to a series of weekly "Amendments" to said Agreement.

25        15.    The weekly amended Agreements continued successively for a period of 44 (forty-four

26    weeks) until August 20, 2024 at which time the Defendant defaulted under the terms thereby

27    breaching the amended Agreement attached hereunto as "Exhibit B" by failing to remit to the

28    Plaintiff the amended Agreement Repayment Amount of $610,860.00

16. In addition to the aforementioned "Agreement and Promissory Note" and subsequent amended Agreement (Exhibit B), on or about October 19, 2023 the Defendant entered into another Agreement and Promissory Note (hereinafter APN #2)  attached hereunto as "Exhibit C".

17. Under the terms of this particular agreement, Henry D. Fahman, on behalf of PhiLux Global Group Inc., agreed that in return for the Plaintiff's Loan of $7,000,

*"For value received, Borrower agrees to pay Lender the principal amount of $7,000 plus $3,150 in originating, administrative and processing fees, which is equal to 45% of the principal amount, and $30 wire transfer fees, on October 25, 2023. In the event Borrower is unable to pay this amount to Lender on or prior to October 25, 2023, Borrower agrees to pay Lender a penalty amount equal to 400% of the principal amount upon demand".*

18. The Defendant was unable to meet the repayment terms of the Agreement as stipulated on October 25, 2023 despite the Plaintiff fully satisfying all obligations set forth within by promptly submitting the $7,000 via wire transfer on October 19, 2023.

19. Upon request by the Defendant, and based upon certain information provided by Mr. Fahman regarding imminent corporate events that would allow for repayment of the Agreement " APN #2" the Plaintiff agreed to a series of weekly "Amendments" to said Agreement.

20. The weekly amended Agreements continued successively for a period of 44 (forty-four weeks) until August 20, 2024 at which time the Defendant defaulted under the terms thereby breaching the amended "APN #2" Agreement attached hereunto as "Exhibit D" by failing to remit to the Plaintiff the amended Agreement Repayment Amount of $178,530.

21. In addition to "The Agreement", "APN #2", and their respective Amendments, the Defendant entered into another Agreement and Promissory Note on November 14, 2023 (hereinafter APN #3) attached hereunto as "Exhibit E".

22. Under the terms of this Agreement, Henry D. Fahman on behalf of PhiLux Global Group Inc. agreed that in return for the Plaintiff's loan of $6000.00,

*"For value received, Borrower agrees to pay Lender the principal amount of $6,000 plus $2,100 in originating, administrative and processing fees, which is equal to 35% of the principal*

*amount, and $30 wire transfer fees one week from today, i.e. November 21, 2023.  In the event*
*Borrower is unable to pay this amount to Lender on or prior to November 21, 2023, Borrower*
*agrees to pay Lender a penalty amount equal to 400% of the principal amount by November 28,*
*2023."*

23.    The Defendant was unable to meet the terms of the Agreement as stipulated on
November 21, 2023 despite the Plaintiff fully satisfying all obligations set forth within by
having promptly submitted the $6,000 via wire transfer to the Defendant on November 11,
2023.

24.    Upon request by the Defendant and based upon certain information provided by Henry
D. Fahman regarding imminent corporate events that would allow for the repayment of "APN
#3", the Plaintiff agreed to a series of weekly Amendments to said Agreement.

25.    The weekly amended Agreements continued successively for a period of 40 (forty)
weeks until August 20, 2024 at which time the Defendant defaulted under the terms thereby
breaching the Amended "APN #3" Agreement attached hereunto as " Exhibit F" by failing to
remit to the Plaintiff the Amended Agreement amount of $147,630.00.

26.    In addition to the three Agreements incorporated here within as paragraphs numbered
10-25, the Defendant also issued to the Plaintiff a series of four more additional and similar
Agreements and Promissory notes that shall be demonstrated fully in discovery and at trial.

27.    The additional four Agreement and Promissory notes were issued in separate and
distinct amounts of $12,500, $20,000, $15,000, and $15,000 respectively. The summation of
these additional notes was $62,500.00 in funding generously provided by the Plaintiff to assist
in the funding needs of Mr. Fahman to obtain certain corporate investment packages.

28.    Consistent with the three Agreements and Promissory notes and their respective
Amended Agreements incorporated within this Complaint as Exhibits A through F, the
Defendant also was unable to pay these additional four notes upon their individual repayment
dates.

29.    Likewise, the Defendant issued additional weekly extension amendments to these four
Agreements for periods of 60 (sixty ) to 65 (sixty five ) weeks accumulating extension fees and

1    additional interest penalties for nonpayment each week.

2        30.    As with the other promissory notes, the Defendant ceased issuing Amendment

3    extensions to the respective notes, and defaulted upon the repayment to the Plaintiff in the

4    accumulted  amount of $2,112,125.00 (two million, one hundred twelve thousand, one

5    hundred twenty-five dollars).

6        31.    On, or about, October 9, 2024 the Plaintiff delivered via certified mail a Letter of

7    Demand for the Repayment Amount for all outstanding and defaulted upon notes attached

8    hereunto as "Exhibit G".

9        32.    As a fully reporting SEC publicly trading company, PhiLux Global Group Inc. has

10   recognized and validated the existence of these multiple private Promissory Notes as a "Current

11   Liability" in its most recently filed Securities and Exchange annual 10K fiscal report dated June

12   30, 2024. More specifically to note is the amount of $2,541,828 of "reserves for loan extensions

13   and amendments" as of June 30, 2024. This amount not only tracks very closely with the amount

14   due to the Plaintiff but also verifies there are accumulating liabilities with extensive "extension

15   and penalty fees" such has been demonstrated in the Plaintiff's Agreements and Promissory

16   Exhibits incorporated within. Further, this amount and specific reserves for " loan extensions and

17   amendments" was not present in the previous year's June 30, 2023 annual 10K filing thereby

18   correlating with the timeframe the Plaintiff's notes were issued by PhiLux Global Group Inc.

19   NOTE 8 – LOANS AND PROMISSORY NOTES SHORT TERM NOTES PAYABLE:

20   In the course of its business, the Company has obtained short-term loans from individuals and
     institutional investors and from time to time raised money by issuing restricted common stock of
     the Company under the auspices of Rule 144. As of June 30,2024, the Company had $4,460,981
21   in short-term notes payable consisting of $1,769,921 of regular short-term notes and $43,750 SBA
      loan, $105,482 in merchant cash advances and $2,541,828 of reserve for loan extensions
22   and amendments. These notes typically bear interest rates ranging from 0% to 36% per annum.

23       33.    In continuation of a "Joinder of Claims", the Defendant also issued a subsequent

24   Agreement and Promissory Note dated February 7, 2024 to the Plaintiff. As with the other

25   Agreement and Promissory Notes, this Agreement was amended as well with an effective date

26   of February 16, 2024. This Agreement is incorporated here within as "Exhibit H".

27       34.    Under the terms of this Amended Agreement the Defendant offered unencumbered free

28   trading shares in PhiLux Global Group Inc. to the Mr. Schmitz (The Lender) as satisfaction for

monies owed in connection with the underlying Agreement. More specifically, as Borrower, PhiLux Global Group Inc, "*agrees to issue or cause to be issued to Lender and Lender agrees to accept sixty million (60,000,000) shares of unencumbered, free-trading Philux Global Group, Inc.'s Common Stock, par value of $0.001, to settle the accrued and compounded originating, administrative and processing fees and penalties totaling $60,000 as of February 16, 2024 between the two parties. The issuance of these shares will occur no later than March 31, 2024. If Borrower fails to issue the shares as described above prior to March 31 2024 as stipulated a penalty of 400% of the original shares to be issued shall be immediately registered and issued. Failure to abide by the terms set here within Borrower hereby accepts responsibility for an and all collection/attorney fees associated with any and all collection actions necessary. This Amendment to the afore-mentioned Agreement and Promissory Note dated February 7, 2024 and Settlement Agreement is binding and effective immediately upon signing by both parties herein.*"

35.    Consistent with all other Amended Agreements, the Defendant(s) failed to honor the contract and issue the 300,000,000 (three hundred million) unencumbered Common Shares by March 31, 2024 as stipulated. The Plaintiff made numerous requests but to no avail.

36.    On or about July 29, 2024, after numerous attempts to have Henry D. Fahman fulfill the obligations of the Amended 300,000,000 Share Agreement, the Plaintiff joined a collective group of 22 other investors who had also not received shares due to them under their respective Share Purchase Agreements, and in which the Defendant(s) had also defaulted upon.

37.    The Plaintiff, along with the Group signed and signed and sent via certified mail a collective Letter of Demand (attached hereunto as "Exhibit I")

31.    On August 22, 2024 Mr. Fahman responded to the Letter of Demand stating, " *... we request that you please be so kind as to give us until September 6, 2024 or soonest possible before that to complete the issuance of all your shares and those of other shareholders who also participated in the private share purchases around the same time..*".

32.    In responding, the Defendant outright admitted being in breach of the contract.

33.    On  September 6, 2024 the Defendant once again responded via email stating,

1    *"I sincerely apologize to all of you for not being to complete the issuance of your shares by*

2    *today as mentioned in my previous email. We still have some outstanding items with our new*

3    *transfer agent as of today that need to be cleared ASAP for the shares to be issued. We will*

4    *resolve them within next week and strive to complete the issuance of your shares by September*

5    *16, 2024."*

6    34.    In responding again in this manner, the Defendant once again conceded to being in

7    noncompliance with the Agreement and willfully choosing to breach the contract.

8    35.    By refusing to issue the shares in PhiLux Global Inc. as stipulated in the contract, the

9    Defendant Henry D. Fahman acting in his role as acting Chief Financial Officer of PhiLux

10    Global Group is thereby misleading investors in the company by providing artificially lower

11    outstanding share totals in its official SEC corporate filings. By knowingly and willfully

12    breaching the Plaintiff's 300,000,000 Amended Share Agreement by not issuing Shares in the

13    Company as stipulated, the underlying Outstanding share count being reported is

14    disingenuously lower than if Mr. Fahman had issued the shares as required.

15

16                    **FIRST CAUSE OF ACTION -BREACH OF CONTRACT**

17    36.    The Plaintiff Nicholas Schmitz repeats and realleges each allegation contained in the

18    foregoing paragraphs of the Complaint as if set forth in full herein.

19    37.    On or about October 18, 2023, Nicholas Schmitz entered into an Agreement and

20    Promissory Note as described herein and attached as Exhibit A. This Agreement constitutes

21    a valid and enforceable contract.

22    38.    When the Defendant was unable to honor the repayment terms of the Agreement in the

23    timeframe set within, the parties agreed to extend the Agreement with revised terms of

24    repayment. The Agreement was subsequently continued weekly into a series of forty-four (44)

25    Amended Agreements culminating in the Amended Agreement dated August 20, 2024

26    described herein and attached as Exhibit B.

27    39.    PhiLux Global Group Inc. materially breached and repudiated the Amended Agreement

28    by failing and refusing to honor the contract by making payment to Nicholas Schmitz in the

1    entitled sum of $610,860.00.

2       40.    As a result of the non-payment of sums due, the Defendant(s) breached the terms of the

3    Amended Agreement written contract.

4       41.    Plaintiff Nicholas Schmitz performed all obligations required under the terms of the

5    written contract.

6       42.    As a result of the Defendant's above-described breach of the terms of the written

7    contract, the Plaintiff has been damaged in the amount of $610,860.00. No part of the sum due

8    has been paid by the Defendant although demand has been made.

9       43.     On or about October 19, 2023, the Defendant(s) entered into an Agreement and

10   Promissory Note described herein as "APN #2" and attached as Exhibit C. This Agreement

11   constitutes a valid and enforceable contract.

12      44.    When the Defendant was unable to honor the repayment terms of the Agreement in the

13   timeframe set within, the parties agreed to extend the Agreement with revised terms of

14   repayment. The Agreement was subsequently continued weekly into a series of forty-four (44)

15   Amended Agreements culminating in the APN #2 Amended Agreement dated August 20, 2024

16   described herein and attached as Exhibit D.

17      45.    PhiLux Global Group Inc. materially breached and repudiated the APN #2 Amended

18   Agreement by failing and refusing to honor the contract by making payment to Nicholas

19   Schmitz in the entitled sum of $178,530.00.

20      46.    As a result of the non-payment of sums due, the Defendant(s) breached the terms of the

21   Amended Agreement written contract.

22      47.    Plaintiff Nicholas Schmitz performed all obligations required under the terms of the

23   written contract.

24      48.    As a result of the Defendant's above-described breach of the terms of the written

25   contract, the Plaintiff has been damaged in the amount of $178,530.00. No part of the sum due

26   has been paid by the Defendant although demand has been made.

27      49.    On or about November 14, 2023 the Defendant(s) entered into an Agreement and

28   Promissory Note described herein as "APN #3 " and attached as Exhibit E. This Agreement

1    constitutes a valid and enforceable contract.

2    50.    When the Defendant was unable to honor the repayment terms of the Agreement in

3    the timeframe set within, the parties agreed to extend the Agreement with revised terms of

4    repayment. The Agreement was subsequently continued weekly into a series of forty (40)

5    Amended Agreements culminating in the Amended Agreement dated August 20, 2024 described

6    herein and attached as Exhibit F.

7    51.    PhiLux Global Group Inc. materially breached and repudiated the APN #3 Amended

8    Agreement by failing and refusing to honor the contract by making payment to Nicholas

9    Schmitz in the entitled sum of $147,630.00.

10    52.    As a result of the non-payment of sums due, the Defendant(s) breached the terms of the

11    Amended Agreement written contract.

12    53.    Plaintiff Nicholas Schmitz performed all obligations required under the terms of the

13    written contract.

14    54.    As a result of the Defendant's above-described breach of the terms of the written

15    contract, the Plaintiff has been damaged in the amount of $147,630.00. No part of the sum due

16    has been paid by the Defendant although demand has been made.

17    55.    In addition to The Agreement, APN #2, and APN # 3 contracts, the Defendant also

18    entered into a four additional Agreements and Promissory notes with the Plaintiff in amounts

19    of  $12,500, $25,000, $15,000, and $15,000 respectively on separate dates.

20    56.    Akin to the previous Agreements, these Agreements were extended as Amendments

21    for periods of between sixty to sixty-five weeks. Each Agreement contract accumulated weekly

22    Extension Fees, interest accrual, and nonpayment penalty fees.

23    56.    On or about August 30, 2024 the Defendant breached the terms of each of these

24    additional contracts as a result of nonpayment.

25    57.    As a result of the breach of the terms of the written contracts, the Plaintiff has been

26    damaged in the amount of $2,112,125.00. No part of this sum due has been paid.

27    58.    In sum total of the seven individual Agreement and Promissory notes referenced herein

28    The Defendant(s) have breached the Amended Agreements in the cumulative amount of

$3,049,145.00 (three million, forty-nine thousand, one hundred forty-five dollars).

59.    On or about February 16, 2024, the Defendant(s) entered into an Amended Agreement to satisfy owed obligations in the amount of $60,000 by issuing the Plaintiff unencumbered common shares of the company trading under stock symbol "PHIL". The Amended Stock Distribution Agreement is described herein and attached as Exhibit H. This Agreement constitutes a valid and enforceable contract.

60.    PhiLux Global Group Inc. and Henry D. Fahman  breached the Amended Agreement by failing to honor the provisions and terms of the Agreement by not issuing shares within the stipulated timeframe which was March 31, 2024.

61.    The Plaintiff Nicholas Schmitz performed all obligations required under the terms of the written contract Agreement.

62.    As a result of the above-described breach of the terms of the written contract by not delivering the 300,000,000 unencumbered common shares, the Plaintiff has been damaged in the amount of $60,000.00 which represents the original Amended Agreement consideration agreed upon by the Defendant as value for said shares which should have been delivered.

63.    No part of the Agreement has been fulfilled by the Defendant although demand has been made. The Stock Repayment Amended Agreement further stipulated the following "*Failure to abide by the terms set here within Borrower hereby accepts responsibility for any and all collection/attorney fees associated with any and all collection actions necessary*.

64.    Implicit in all seven Agreements and Promissory Notes described herein and their respective Amendments, as well as the Amended Agreement for the Stock Distribution, is a covenant of good faith and fair dealing obligating the parties to act towards each other in good faith, to deal fairly with one another, to make all material disclosures, not to do anything which might deprive the other of the expectations and benefits of the Agreements and obligating each party to do everything that the Agreements presuppose to accomplish their purposes. For the reasons stated herein, PhiLux Global Group Inc. and Henry D. Fahman each of them, have breached the covenant of good faith and fair dealing. The Plaintiff on the other hand, demonstrated an exceptional amount of grace, tolerance and patience with the Defendant Henry

1    D. Fahman given the circumstances and continuing mendacities surrounding the Defendants.

2    65.    As a direct and proximate result of the Defendant(s) breaches as described herein,

3    Nicholas Schmitz has been damaged in an amount to conform to proof at trial, but not less than

4    $3,109,145.00 plus interest as allowed by law, fees, and costs as provided by law.

5    **SECOND CAUSE OF ACTION**

6    **PROMISSORY FRAUD (FALSE PROMISE)**

7    66.    The Plaintiff Nicholas Schmitz repeats and realleges each allegation contained in the

8    foregoing paragraphs of the Complaint as if set forth in full herein.

9    67.    At the time Henry D. Fahman executed the Agreement and Promissory Notes on behalf

10    of Philux Global Group Inc. as its President, Chairman of the Board, and acting Chief

11    Financial Officer, he was acting within the scope of his employment as a director or officer

12    of PhiLux Global Group Inc.

13    68.    PhiLux Global Group Inc. entered into the numerous Agreements and Promissory notes

14    incorporated within this complaint with the intention of deceiving Nicholas Schmitz into

15    believing the funds provided by Mr. Schmitz would be used for the costs and various fees

16    necessary to secure funding from the closing of a certain financial package from Spain that

17    would provide PhiLux Global Group the sum of $100,000,000 which would in turn provide the

18    necessary liquidity to repay the underlying Agreements and Promissory Notes.

19    69.    At all times, Henry D. Fahman had the authority to bind PhiLux Global Group Inc. To

20    the multiple Agreements with the Plaintiff.

21    70.    The representations made by Mr. Fahman on behalf of PhiLux Global Group Inc., were

22    false at the time they were made. Mr. Fahman knew they were false, and they were made

23    for the purpose of inducing Mr. Schmitz into immediately providing PhiLux Global Group Inc.

24    Inc. the various payments under the terms of the separate Agreements.

25    71.    At the time Mr. Fahman made these false representations on behalf of Philux Global

26    Group Inc., Mr. Schmitz was not cognizant of the true facts and believed the representations to

27    be true.  Mr. Schmitz, in fact, relied on the representations and presentations by immediately

28    wiring to Mr.  Fahman the various sums of monies to the various pursuant to the Agreements.

-12-
Complaint

72.    Mr. Schmitz's reliance was reasonable in that the false representations by Mr. Fahman were made to him orally, via texts, and through the production of various documents. Examples of documents included International Banking documents representing the closing and transfer of the Spain investment package, Airway Bills for the shipments of assets related to corporate funding, Tax Certificates, U.N. Certificates, International Transfer Stamp Tax forms, as well as private Bills of Lading to name a few.

73.    Defendant Henry D. Fahman, held himself out as Philux Global Group's President with full authority to bind Philux Global Group Inc. to all of the Agreements and had signed other documents on behalf of PhiLux Global Group Inc. with Philux Global Group Inc.'s knowledge and without objection by PhiLux Global Group Inc.

74.    If Mr. Schmitz had known the true facts and that no Spain, or other alleged investment packages had closed, he would not have acted as he did and specifically, would not have provided Mr. Fahman and PhiLux Global Group Inc. with the payment under the Agreements.

75.    Mr. Fahman authorized, directed, and participated in Philux Global Group Inc.'s allegedly tortious conduct alleged herein, and as such, is personally liable, along with Philux Global Group Inc. for the tort of promissory fraud. (*See, Frances T. v. Village Green Owners Assn. (1986) 42 Ca1.3d 490; PMC, Inc. v. Kadisha* (2000) 78 Cal.App.4th 1368, 1380-1382.)

76.    As previously incorporated in this complaint, all of the Agreements were amended numerous times at the bequest of Mr. Fahman. The Amended Agreements were extended for varying periods ranging from forty to sixty-five weeks until which time Mr. Fahman ceased communicating and requesting extensions and defaulted on the contracts. The culmination of the repayment amounts defaulted upon is $3,109,145.00. Each extension was predicated upon the continuance of the false and fraudulent representations made by Mr. Fahman that forthcoming corporate activities such as the imminent closing of financial packages would provide funding to satisfy repayment terms for all of Mr. Schmitz's notes.

77.    As a direct and proximate result of the fraud engaged in by Mr. Fahman and PhiLux Global Group Inc., Mr. Schmitz has been damaged in an amount to be determined at time of trial, but not less than $3,109,145.00 plus interest.

**THIRD CAUSE OF ACTION- INTENTIONAL MISREPRESENTATION**

78.    Plaintiff Nicholas Schmitz repeats and reincorporates each allegation contained in the foregoing paragraphs of the Complaint as if set forth in full herein.

79.    As the authorized representative of Philux Global Group Inc., Henry D. Fahman represented as fact to Nicholas Schmitz that certain corporate events, communications with Third party companies, financial package closings, and investments in the company by ultra -high net worth investors were true.

80.    Mr. Fahman's representations were not true. Mr. Fahman knew that the representations were false when he made them or that he made the representations recklessly and without regard for their truth.

81.    Mr. Fahman intended that Mr. Schmitz rely on these representations when soliciting funding via the multiple Agreement and Promissory Notes.

82.    Mr. Schmitz reasonably relied on the representations made by Mr. Fahman. As a result of reliance upon the representation of the false information, Mr. Schmitz was harmed.

83.    Mr. Schmitz's reliance on Mr. Fahman's representations was a substantial factor in causing his financial harm.

**FOURTH CAUSE OF ACTION- BREACH OF FIDUCIARY DUTY**

84.    Plaintiff Nicholas Schmitz repeats and realleges each allegation contained in the foregoing paragraphs of the Complaint as if set forth in full herein.

85.    As director and/or officer of the Company, the Defendant Henry D. Fahman owes fiduciary duties of care, loyalty and good faith to the Company's stockholders, including the Plaintiff.

86.    Defendant's fiduciary duties include obligations to exercise good business judgment, to act prudently in the operation of the Company's business, to discharge their actions in good faith, to act in the best interests of the Company and its stockholders, and to put the interests of the Company before their own.

87.    Defendants breached their fiduciary duty of care by, among other things, routinely mismanaging the Company, and failing to comply with the terms of the Company's governing corporate documents and applicable corporate law.

88.    As President, Chairman of the Board, acting Chief Financial Officer and spouse of the corporation's Treasurer, Henry D. Fahman breached his duties of loyalty and good faith by, among other things, issuing Agreements to individual shareholders and investors, including the Plaintiff, involving distribution of corporate shares without issuing the shares as obligated.

89..    This blatant and acknowledged breach of contract was demonstrated in Mr. Fahman's email response to the demand letter ascribed to hereinto as "Exhibit I" not only the Plaintiff in regards to his Agreement but also the twenty-one other investors who also have been issued multiple agreements and had them defaulted upon.

90.    Mr. Fahman then disingenuously recorded these transactions in SEC filings as" shares to be issued" despite having no intention of doing so after more than a year and multiple requests to honor said agreements. In the case of the Plaintiff's Amended Share Distribution Agreement (Exhibit H) these shares are not even accounted for. This deceptive practice has the effect of keeping the outstanding share count of the publicly traded shares artificially lower than if the shares had been properly issued pursuant to the Agreements.

91.    Mr. Fahman has failed to properly recognize and register hundreds of millions, if not billions, of shares pursuant to the Agreements such as Mr. Schmitz's. Mr. Fahman has deliberately breached the contracts by not reporting current and accurate share counts when filing the corporate financial reports with the SEC. Mr. Fahman's intentional misstating of the status of the outstanding share count is deceitful at best but constitutes corporate fraud at worst.

92.    Business practices such as these by Mr. Fahman on behalf of PhiLux Gobal Group Inc. disenfranchise and damage Company stockholders, including the Plaintiff, who has already been damaged by the numerous Agreement and Promissory Note defaults perpetrated by the Defendant(s)

93.    No responsible, ethical, or principled CEO of any other company would act in such a reckless and fiduciary negligent manner with total disregard for basic rules of business

etiquette, shareholder interests, the SEC, and corporate law.

PRAYER FOR RELIEF

1.    On the First Cause of Action: Breach of Contracts:

    a.    An award of all damages available in law and according to proof at trial;

    b.    An award in the amount of no less than $3,109,145.00

    c.    For punitive and exemplary damages.

2.    On the Second Cause of Action: Promissory Fraud (False Promise)

    a.    An award of all damages available in law and according to proof at trial;

    b.    An award for punitive and exemplary damages in the amount of $500,000.00

3.    On the Third Cause of Action: Intentional Misrepresentation

    a.    An award of all damages available in law and according to proof at trial

    b.    An award for punitive and exemplary damages

4.    On the Fourth Cause of Action: Breach of Fiduciary Duty

    a.    Any and all relief so set out by this honorable court including injunction to prevent further similar breach of contracts

    b.    An Order requiring Defendant(s) to immediately rectify and reconcile corporate Share Agreements and provide an immediate, true, and correct report to the SEC a current accounting of the actual outstanding share count.

    c.    An Order for. removal of Henry D. Fahman from duties of acting Chief Financial Officer, President, and Chairman of the Board of PhiLux Global Group Inc. as a consequence of his actions, and criminal referral to all appropriate agencies

5.    On All Causes of Action:

    a.    For interest to the extent allowed by law;

    b.    For reasonable attorneys' fees to the extent allowed by law and/or the Agreements

c. For costs of suit incurred; and

d. For such other and further relief as the Court deems just and proper.

In consideration of the Complaint herein, the Plaintiff hereby gives notice of

DEMAND FOR JURY TRIAL

Dated:    November 21, 2024

Respectfully submitted,

*Nicholas Schmitz*

Nicholas Schmitz

Plaintiff

EXHIBIT A

# AGREEMENT AND PROMISSORY NOTE

**Principal Amount: $24,000.00**                                    **October 18, 2023**

This Agreement and Promissory Note is made by Philux Global Group, Inc., a Wyoming corporation with principal address at 2323 Main Street, Irvine, CA 92614, U.S.A., hereafter referred to as "Borrower," and entered into with Nicholas Schmitz, an individual and current shareholder of the Company, with principal residential address at █ ██████████████████████████, USA, hereafter referred to as "Lender," on this 18th day of October, 2023.

For value received, Borrower agrees to pay Lender the principal amount of $24,000 plus $10,800 in originating, administrative and processing fees, which is equal to 45% of the principal amount, and $60 wire transfer fees, on October 25, 2023. In the event Borrower is unable to pay this amount to Lender on or prior to October 25, 2023, Borrower agrees to pay Lender a penalty amount equal to 400% of the principal amount upon demand.

Please wire transfer the principal amount to the following accounts at your earliest convenience on October 18, 2023:

1). $15,000 to Innovative Alliance LLC
Address: 905 Hickory Lane, Mansfield, OH 44903, USA
Financial Institution: Wells Fargo Bank
Routing number: 121000248; SWIFT Code: WFBIUS6S; Account number 178075xxxx
Memo: Registration fee – Philux Global Group.

2). $9,000 to Community Federal Savings Bank (Wise)
Account holder: **PHILUX GLOBAL GROUP INC.**
Routing number: █████████, SWIFT/BIC: ████████,
Account number: ███████████
Bank address: 8916 Jamaica Ave, Woodhaven NY 18421, USA
Account holder's address: 2323 Main Street, Irvine, CA 92614, USA.
Memo: Balance of promissory note dated 10/18/2023.

This Promissory Note is binding and effective immediately upon Innovative Alliance LLC.'s and Philux Global Group, Inc.'s receipt of a total of $24,000 from Lender into the above-mentioned bank accounts. The Borrower agrees to pay all costs and expenses, including reasonable attorney's fees in case incurred by Lender in collection of any amount due under this Promissory Note.

Dated: October 18, 2023
**Borrower**                                              **Lender**

*HF Henry Fahman*                                    By: *Nicholas Schmitz*
Henry D. Fahman, Chairman & CEO          Nicholas Schmitz, an individual

EXHIBIT B

## 44th AMENDMENT TO AGREEMENT AND
## PROMISSORY NOTE DATED OCTOBER 18, 2023

**Principal Amount:  $24,000.00**                                            **AUGUST 20, 2024**

This 44th Amendment to the Agreement and Promissory Note dated October 18, 2023 (this
"Amendment") is made by Philux Global Group, Inc., a Wyoming corporation with principal address at
2323 Main Street, Irvine, CA 92614, U.S.A., hereafter referred to as "Borrower," and entered into with
Nicholas Schmitz, an individual and current shareholder of the Company, with principal residential
address at ███████████████████████, USA, hereafter referred to as "Lender," on this 20th day
of August 2024.

For value received, Borrower agrees to pay Lender the principal amount of $24,000 plus
$10,800 in originating, administrative and processing fees, which is equal to 45% of the principal amount,
$60 wire transfer fees, plus $6,000, which is equal to 25% of the principal amount that was accrued as of
October 27, 2023, plus $6,000 which is equal to 25% of the principal amount on November 6, 2023,
$6,000 which is equal to 25% of the principal amount accrued as of November 13, 2023, plus $6,000
which is equal to 25% of the principal amount on November 20, 2023, plus
$6,000 which is equal to 25% of the principal amount  as of November 27, 2023, plus $6,000 which is
equal to 25% of the principal amount on December 4, 2023, plus $6,000 which is equal to 25% of the
principal amount on December 11, 2023, plus $6,000 which is equal to 25%of the principal amount on
12/18/23, plus $12,000 which is 50% of the principal amount on 12/25/2023, plus $12,000 on 1/2/24, plus
$12,000 on 1/9/24, plus $12,000 on 1/16/24, plus $12,000 on 1/23/24, plus $12,000 on 1/30/24, plus
$12,000 on 2/6/24, plus $12,000 on 2/13/24, plus $12,000 on 2/20/24, plus $12,000 on 2/27/24, plus
$12,000 on 3/5/24, plus $12,000 on 3/12/24, plus $12,000 on 3/19/24, plus $12,000 on 3/26/ 24, plus
$12,000 on 4/2/24,  plus $12,000 on 4/9/24, plus $12,000 on 4/16/24, plus $12,000 on 4/23/24, plus
$12,000 on 4/30/24, plus $12,000 on 5/7/24, plus $12,000 on 5/14/24, plus $12,000 on 5/21/24, plus
$12,000 on 5/28/24, plus $12,000 on 6/4/24, plus $12,000 on 6/11/24,  plus $12,000 on 6/18/24, plus
$12,000 on 6/25/24, plus $12,000 on 7/2/24, plus $12,000 on 7/9/24, plus $12,000 on 7/16/24, plus
$12,000 on 7/23/24, plus $12,000 on 7/30/24, plus $12,000 on 8/6/24, plus $12,000 on 8/13/24, plus
$12,000 on 8/20/24, and plus $12,000 on 8/27/24. In the event Borrower is unable to pay this amount to
Lender on or prior to 8/27/24, Borrower agrees to pay Lender a penalty amount equal to 400% of the
principal amount on August 27, 2024.  1) NOTE: The total principal amount was successfully transferred
by wire on October 18, 2023 by Lender per Borrower's instructions: (a) $15,000 to Innovative Alliance
LLC, Wells Fargo Bank, Acct  # ██████████ and (b) $9,000 to PHILUX GLOBAL GROUP,
Community Federal Savings Bank (Wise), Account number: ███████████

This 44th Amendment is binding and effective immediately upon signing by the Borrower and Lender.
The Borrower agrees to pay all costs and expenses, including reasonable attorney's fees in
case incurred by Lender in collection of any amount due under this Promissory Note.

August 20, 2024. **Borrower**                    **Lender**

*Henry Fahman*                                   By: *Nicholas Schmitz*

Henry D. Fahman, Chairman  & CEO                 Nicholas Schmitz, an
                                                 individual

EXHIBIT C

# AGREEMENT AND PROMISSORY NOTE

**Principal Amount:  $7,000.00**                                    **October 19, 2023**

This Agreement and Promissory Note is made by Philux Global Group, Inc., a Wyoming corporation with principal address at 2323 Main Street, Irvine, CA 92614, U.S.A., hereafter referred to as "Borrower," and entered into with Nicholas Schmitz, an individual and current shareholder of the Company, with principal residential address at █ ████████████████████████, USA, hereafter referred to as "Lender," on this 19th day of  October, 2023.

For value received, Borrower agrees to pay Lender the principal amount of $7,000 plus $3,150 in originating, administrative and processing fees, which is equal to 45% of the principal amount, and $30 wire transfer fees, on October 25, 2023.  In the event Borrower is unable to pay this amount to Lender on or prior to October 25, 2023, Borrower agrees to pay Lender a penalty amount equal to 400% of the principal amount upon demand.

Please wire transfer the principal amount to the following accounts at your earliest convenience on October 18, 2023:

$7,000 to Community Federal Savings Bank (Wise)
Account holder: **PHILUX GLOBAL GROUP INC.**
Routing number: ███████████, SWIFT/BIC: ████████████,
Account number: ███████████
Bank address: 8916 Jamaica Ave, Woodhaven NY 18421, USA
Account holder's address: 2323 Main Street, Irvine, CA 92614, USA.
Memo: Short-term loan.

This Promissory Note is binding and effective immediately upon Philux Global Group, Inc.'s receipt of a total of $7,000 from Lender into the above-mentioned bank accounts. The Borrower agrees to pay all costs and expenses, including reasonable attorney's fees in case incurred by Lender in collection of any amount due under this Promissory Note.

Dated: October 19, 2023

**Borrower**                                                        **Lender**

*HF Henry Fahman*                                        By: *Nicholas Schmitz*

Henry D. Fahman, Chairman  & CEO             Nicholas Schmitz, an individual

EXHIBIT D

## 44th AMENDMENT TO AGREEMENT AND PROMISSORY NOTE DATED OCTOBER 19, 2023

**Principal Amount:  $7,000.00**                                        **August 20, 2024**

This 44th Amendment to the Agreement and Promissory Note dated October 19, 2023 (this "Amendment") is made by Philux Global Group, Inc., a Wyoming corporation with principal address at 2323 Main Street, Irvine, CA 92614, U.S.A., hereafter referred to as "Borrower," and entered into with Nicholas Schmitz, an individual and current shareholder of the Company, with principal residential address at █ ███████████████████████, USA, hereafter referred to as "Lender," on this 20th day of August 2024.

For value received, Borrower agrees to pay Lender the principal amount of $7,000 plus $3,150 in originating, administrative and processing fees, which is equal to 45% of the principal amount, $30 wire transfer fees, plus $1,750, which is equal to 25% of the principal amount that was accrued as of October 27, 2023, plus $1,750 which is equal to 25% of the principal amount that was accrued on November 6, 2023, plus $1,750 which is equal to 25% of the principal amount that was accrued on November 13, 2023, plus $1,750 as of November 20, 2023, plus $1,750 as of November 27, 2023, plus $1,750 as of December 4, 2023, plus $1,750 as of December 11, 2023, plus $1,750 as of December 18, 2023, plus $3,500 which is equal to 50% of the principal as of December 25, 2023, plus $3,500 which is equal to 50% as of January 2, 2024, plus $3,500 which is equal to 50% on January 9, 2024, plus $3,500 which is equal to 50% on January 16, 2024, plus $3,500 which is equal to 50% of the principal amount on January 23, 2024, plus $3,500 on 1/30/24, plus $3,500 on February 6, 2024, plus $3,500 on February 13, 2024, plus $3,500 on February 20, 2024, plus $3,500 on February 27, 2024, plus $3,500 on March 5, 2024, plus $3,500 on March 12, 2024, plus $3,500 on March 19, 2024, plus $3,500 on March 26, 2024, plus $3,500 on April 2, 2024, plus $3,500 on April 9, 2024, plus $3,500 on April 16, 2024, plus $3,500 on April 23, 2024, plus $3,500 on April 30, 2024, plus $3,500 on May 7, 2024, plus $3,500 on May 14, 2024, plus $3,500 on May 21, 2024, plus $3,500 on 5/28/24, plus $3,500 on 6/4/24, plus $3,500 on 6/11/24, plus $3,500 on 6/18/24, plus $3,500 on June 25, 2024, plus $3,500 on 7/2/24, plus $3,500 on 7/9/24, plus $3,500 on 7/16/24, plus $3,500 on 7/23/24, plus $3,500 on 7/30/24, plus $3,500 on 8/6/24, plus $3,500 on 8/13/24, plus $3,500 on 8/20/24, and plus $3,500 on 8/27/24. In the event Borrower is unable to pay these amounts to Lender on or prior to 8/27/24, Borrower agrees to pay Lender a penalty amount equal to 400% of the principal amount on September 3, 2024. Borrower received the principal amount on October 19, 2023.

This 44th Amendment is binding and effective immediately upon signing by the Borrower and Lender. The Borrower agrees to pay all costs and expenses, including reasonable attorney's fees in case incurred by Lender in collection of any amount due under this Promissory Note.

Dated: August 20, 2024
**Borrower**                                                    **Lender**

*Henry Fahman*                                                  By: *Nicholas Schmitz*
_____                                         _____
Henry D. Fahman, Chairman & CEO                                 Nicholas Schmitz, an individual

EXHIBIT E

## AGREEMENT AND PROMISSORY NOTE

**Principal Amount: $6,000.00**                                **November 14, 2023**

This Agreement and Promissory Note is made by Philux Global Group, Inc., a Wyoming corporation with principal address at 2323 Main Street, Irvine, CA 92614, U.S.A., hereafter referred to as "Borrower," and entered into with Nicholas Schmitz, an individual and current shareholder of the Company, with principal residential address at ▉ ▉, USA, hereafter referred to as "Lender," on this 14th day of November, 2023.

For value received, Borrower agrees to pay Lender the principal amount of $6,000 plus $2,100 in originating, administrative and processing fees, which is equal to 35% of the principal amount, and $30 wire transfer fees one week from today, i.e. November 21, 2023. In the event Borrower is unable to pay this amount to Lender on or prior to November 21, 2023, Borrower agrees to pay Lender a penalty amount equal to 400% of the principal amount by November 28, 2023.

Please wire transfer the principal amount to the following accounts at your earliest convenience on November 14, 2023:

Bank name: Community Federal Savings Bank (Wise)
Account holder: **PHILUX GLOBAL GROUP INC.**
Routing number: ▉, SWIFT/BIC: ▉,
Account number: ▉1
Bank address: 8916 Jamaica Ave, Woodhaven NY 18421, USA
Account holder's address: 2323 Main Street, Irvine, CA 92614, USA.
Memo: Short-term loan.

This Promissory Note is binding and effective immediately upon Philux Global Group, Inc.'s receipt of a total of $6,000 from Lender into the above-mentioned bank accounts. The Borrower agrees to pay all costs and expenses, including reasonable attorney's fees in case incurred by Lender in collection of any amount due under this Promissory Note.

Dated: November 14, 2023
**Borrower**                                                    **Lender**

*Henry Fahman* HF                                           By: *Nicholas Schmitz*
Henry D. Fahman, Chairman & CEO              Nicholas Schmitz, an individual

1

EXHHIBIT F

## AMENDMENT NO. 40 TO AGREEMENT AND PROMISSORY NOTE

**Principal Amount:  $6,000.00**                                    **August 20, 2024**

This Amendment No.40 to the Agreement and Promissory Note dated 11-14-2023 is made by Philux Global Group, Inc., a Wyoming corporation with principal address at 2323 Main Street, Irvine, CA 92614, U.S.A., hereafter referred to as "Borrower," and entered into with Nicholas Schmitz, an individual and current shareholder of the Company, with principal residential address at ███████████████████ USA hereafter referred to as "Lender," on this 20th day of August 2024.

For value received, Borrower agrees to pay Lender the principal amount of $6,000 plus $2,100 in originating administrative and processing fees, which is equal to 35% of the principal amount, a $30 wire transfer fee, plus $2,100 which is equal to 35% of the principal amount as of 11/28/2023, plus $2,100 which is equal to 35% of the principal amount as of 12/4/2023, plus $2,100 which is 35% of the principal amount on 12/12/2023, plus $2,100 which is 35% of the principal amount on 12/18/23, plus $3,000 which is 50% of the principal amount on 12/25/2023, plus $3,000 which is 50% of the principal amount on 1/2/24, plus $3,000 which is 50% of the principal on 1/9/24, plus $3,000 which is 50% of the principal on 1/16/24, plus $3,000 which is 50% of the principal on 1/23/24, plus $3,000 on 1/30/2024, plus $3,000 on 2/6/24, plus $3,000 on 2/13/24, plus $3,000 on 2/20/24, plus $3,000 on 2/27/24, plus $3,000 on 3/5/24, plus $3,000 on 3/12/24, plus $3,000 on 3/19/24, plus $3,000 on 3/26/24, plus $3,000 on 4/2/24, plus $3,000 on 4/9/24, plus $3,000 on 4/16/24, plus $3,000 on 4/23/24, plus $3,000 on 4/30/24, plus $3,000 on 5/7/24, plus $3,000 on 5/14/24, plus $3,000 on 5/21/24, plus $3,000 on 5/28/24, plus $3,000 on 6/4/24, plus $3,000 on 6/11/24, plus $3,000 on 6/18/24, plus $3,000 on 6/25/24, plus $3,000 on 7/2/24, plus $3,000 on 7/9/24, plus $3,000 on 7/16/24, plus $3,000 on 7/23/24, plus $3,000 on 7/30/24, plus $3,000 on 8/6//24, plus $3,000 on 8/13//24, plus $3,000 on 8/20//24, and plus $3,000 on 8/27//24. In the event Borrower is unable to pay this amount to Lender on or prior to August 27, 2024, Borrower agrees to pay Lender a penalty amount equal to 400%of the principal amount by September 3, 2024. The principal amount was received by Borrower on November 14, 2023 as a short-term loan. This Amendment No. 40 to the Promissory Note dated 11-14-2023 binding and effective immediately upon signing. The Borrower agrees to pay all costs and  expenses, including reasonable attorney's fees in case incurred by Lender in collection of any amount due under this Promissory Note.

Dated: August 20, 2024

**Borrower**

*Henry Fahman*

_____
Henry D. Fahman, Chairman & CEO

**Lender**

By: *Nicholas Schmitz*

Nicholas Schmitz, an
individual

EXHIBIT G

# BREACH OF CONTRACT NOTICE

Nicholas Schmitz

SENT VIA CERTIFIED MAIL

DATE: October 08 2024

Henry Fahman
CEO PhiLux Global Group Inc.,
17011 Beach Blvd. Suite 900
Huntington Beach, CA 92646

Mr. Fahman,

   Pursuant to the numerous contracts titled, but not limited to, "Agreement And Promissory Note " with various dates ("The Agreements"), you have conducted yourself in such a way that has breached these many Agreements. The Borrower, (Philux Global Group Inc), has failed to abide by the terms of repayment stipulated in the Promissory Notes and Agreements. The Lender (Nicholas Schmitz) has granted sixty five (65) weekly extension "Amendments" to said Agreements. Borrower has not only failed to pay according to the terms of the original Promissory notes and subsequent Extensions and Amendments, but also willfully failed to extend the Promissory Notes past September 4, 2024. As a result, all amounts including the principal, extension fees, penalties, and all interest accrued and agreed to by the Borrower through the date of this Letter in the amount of $3,459,675.00 are hereby due. This amount in no way negates or disavows any supplemental closing bonus agreements, conversion rights, or Lender discretion to determine payment format pursuant to any individual agreement.

   While I am prepared to file a lawsuit against you for the mentioned claims, it is hopeful that a mutually acceptable resolution outside of a publicly filed litigation can be achieved. The matters set forth herein are intended for settlement purposes only and are strictly confidential in all respects. They may not be used for any other purpose in any proceeding that may be commenced by either party in any court, tribunal, or arbitration.

   Unless the aforementioned issues are resolved, this letter formally places you on notice of the legal requirements concerning document retention and expect you and all its affiliates to honor such requirements. You have a legal obligation to maintain and preserve any and all documents, materials, and information, in any form whatsoever, that may be potentially relevant to the subject matter, or discoverable in any potential action arising from, this breach. It is in the best interest of both parties to resolve this matter as soon as possible. If there is no response by October 30 2024, then it shall be my right to pursue any and all available legal and equitable remedies, including, but not limited to, instituting formal litigation proceedings against you and PhiLux Global Group Inc.

Sincerely,

*Nicholas Schmitz*
Nicholas Schmitz

EXHIBIT H

**AMENDMENT TO AGREEMENT AND PROMISSORY NOTE DATED FEBRUARY 7, 2024 AND SETTLEMENT AGREEMENT**

<u>**Total Agreed Amount: $60,000.00**</u>                <u>**Effective date:**</u> **February 16, 2024**

This Amendment to the Agreement and Promissory Note dated February 7, 2024 is made by Philux Global Group, Inc., a Wyoming corporation with principal address at 2323 Main Street, Irvine, CA 92614, U.S.A., hereafter referred to as "Borrower," and entered into with Nicholas Schmitz, an individual and current shareholder of the Company, with principal residential address at ███████████████████, USA, hereafter referred to as "Lender," retroactively effective February 16, 2024.

WHEREAS, on February 7, 2024, Borrower received the principal amount of $10,000 from Lender and agreed to pay Lender the principal amount of $10,000 plus 50% in originating, administrative and processing fees if both the principal amount and the 50% in originating, administrative and processing fees were paid in full on February 9, 2024. According to said Agreement and Promissory Note, if both the principal amount and the 50% in originating, administrative and processing fees were not paid in full by February 9, 2024, the additional penalties would be 100% of the cumulative unpaid amounts until paid in full by Monday February 12, 2024. After that the penalties would be 500% of the cumulative unpaid amounts and would be due on Friday February 16, 2024.

As of February 9, 2024, Borrower repaid the principal amount of $10,000 mentioned above to Lender but did not pay the originating, administrative and processing fees at that time.

Now wherefore, both parties hereby agree as following:

Borrower agrees to issue or cause to be issued to Lender and Lender agrees to accept sixty million (60,000,000) shares of unencumbered, free-trading Philux Global Group, Inc.'s Common Stock, par value of $0.001, to settle the accrued and compounded originating, administrative and processing fees and penalties totaling $60,000 as of February 16, 2024 between the two parties. The issuance of these shares will occur no later than March 31, 2024. If Borrower fails to issue the shares as described above prior to March 31 2024 as stipulated a penalty of 400% of the original shares to be issued shall be immediately registered and issued. Failure to abide by the terms set here within Borrower hereby accepts responsibility for any and all collection/attorney fees associated with any and all collection actions necessary. This Amendment to the afore-mentioned Agreement and Promissory Note dated February 7, 2024 and Settlement Agreement is binding and effective immediately upon signing by both parties herein.

Dated effectively February 16, 2024
**Borrower**                                **Lender**

*Henry Fahman*                        By: *Nicholas Schmitz*
Henry D. Fahman, Chairman & CEO        Nicholas Schmitz, an individual

1

EXHIBIT I

July 29, 2024

Henry D. Fahman
Chairman & CEO Philux Global Group Inc.
2323 Main Street, Irvine, CA 92614

   This letter is to inform you that you have materially breached numerous Private
Stock Share Purchase Agreements to individual shareholders (The Buyers). The
Private Stock Share Purchase Agreements issued over the course of the past
year required Philux Global Group, Inc., a Wyoming corporation (The Company)
with principal address at 2323 Main Street, Irvine, CA 92614, U.S.A. to issue
Restricted Common Shares pursuant to Rule 144. The issuance of shares was to
be within five (5) business days after the receipt of the payment for the
purchased shares. The Company was to deliver to the Buyers one or more
certificates, or in the form of book entry with the Company's transfer agent, for
the purchased Restricted Common Shares. To date, this has not been done
despite more than a year passing in some instances. This blatant and willful
failure to issue shares pursuant to the Agreements despite numerous requests
constitutes breach of contract and contract fraud. The parties (Buyers) to the
various Share Purchase Agreements promptly submitted funding both to assist in
promotion of the company's goals but, more importantly, in good faith. This
contractual "good faith" has not been reciprocated. Unfortunately, as you are
aware, there is a past corporate history of this type of behavior. The following
cases should be very familiar : SUSAN SHIN Vs. HENRY FAHMAN et al,
DAVIDSON vs. DOAN et al, FRANCIS VAUSE, MARK VAUSE, FRANCIS
VAUSE. JR. JAN VAUSE AND MARGARET HODSON Vs. JERSEY TRANSFER
& TRUST COMPANY AND PROVIDENTIAL HOLDINGS INC., LAWRENCE
NGUYEN VS. HENRY D. FAHMAN. PROVIDENTIAL HOLDINGS, INC. AND
HUNG NGUYEN aka TONY NGUYEN.
   As a defendant/respondent in each of these past cases you are obviously
aware of the time and resources involved in litigation . There are numerous, and
troubling, underlying similarities of contract fraud and/or breach between these
past cases involving both yourself and Providential Holdings (formerly Phi Group
Inc ) and the current Share Purchase Agreement contractual defaults
necessitating this letter. Certainly, given the past history in these types of matters,
no court would look favorably on your position in these current breaches should
litigation enforcing the Share Purchase Agreements become necessary.
   Given this fact, and in the best interests of all parties involved , the following
actions shall take place to remedy the breaches:
   1. PhiLux Global Group, Inc. shall issue restricted shares to each party
pursuant to their respective individual agreements on or before August 23, 2024.

2. PhiLux Global Group, Inc. shall accompany the issuance of the shares with the "appropriate consent" in the form of a company attorney or counsel opinion letter so that the restricted legend may be removed by the transfer agent. Said opinion letter is to be issued to both those who may have previously received shares, and those who have not properly been issued their respective restricted shares. Regardless, all "Buyers" who have complied with the Rule 144 holding period stipulations to date shall receive appropriate attorney company letters by Mr. Christopher Dietrich or other qualifying counsel on or before August 23, 2024.

3. PhiLux Global Group Inc. shall pay in full any and all amounts due to Investors/Buyers of Share Purchase Agreements containing clauses such as "the Company agrees to pay the Investor/Buyer an amount equal to the Total Purchase Price [....] as a bonus within one week of the closing of this Loan Agreement OR BY (a specific date) WHICHEVER COMES FIRST " whereby the date specified in any such clause has passed and no payment has been made. Said contractual obligations for such payments shall be paid, in full on, or before, August 23, 2024.

4. PhiLux Global Group Inc. shall promptly update the appropriate outstanding share count to reflect the full and complete issuance of any and all restricted shares as well as any and all unencumbered common shares due to all parties pursuant to any and all outstanding agreements.

While we are prepared to file lawsuits against The Company for these breaches, we hope to be able to reach an acceptable resolution without the necessity of public lawsuits. Therefore, it is in the best interest of all parties to resolve this matter as soon as possible but definitely before the August 23, 2024 date stipulated above. Should these issues not be satisfactorily resolved, we reserve the right to pursue any and all available legal and equitable remedies.

As a reminder, you are legally obligated to maintain and preserve any and all documents, materials, and information, in all forms, that may be potentially relevant to the subject matter, or discoverable in any potential action as a result of these breaches. If you are unable to promptly comply with the demands listed above, please provide a detailed, written explanation for your actions that violated the terms of the Agreements to each party prior to August 23, 2024.

Thank you, and we look forward to your prompt action.

Signed by:
Ashton Begg
BC7AB794246D4F1...
**Ashton Begg**

DocuSigned by:
Augusto Salanga
5ABEFD9CFAB34A7...
**Augusto Salanga**

DocuSigned by:
6AFBF60D723E43C...
**Clay Richeson**

Signed by:
Greg Emmerling
94646FF21F50446...
**Greg Emmerling**

Signed by:
744D76A17CDB451...
**James Viggiano**

Signed by:
7A72893EAD014B6...
**Jeremy Cox**

DocuSigned by:

Massimo Moirano

Signed by:

Matt Cooke

DocuSigned by:

Matt Cryderman

DocuSigned by:

michael schoon

Signed by:

Naomi Tanner

DocuSigned by:

Nicholas Schmitz

Signed by:

Phi Do

Signed by:

Robert Gaddie

Signed by:

Ryan Koth

Signed by:

Steve Kelley

Signed by:

TJ Jastrem

Signed by:

Trever Good

DocuSigned by:

William Richeson

Signed by:

William Russell

DocuSigned by:

Morgan Ruzicka

DocuSigned by:

Zachary Lucas